IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:95cr174-WHA |
| | ) | |
| LEVOIL L. JACKSON | ) | (WO) |

## **ORDER**

This cause is before the court on a Motion for Relief from Judgment (Doc. #677) filed by the Defendant on April 6, 2007.  The Defendant argues that the judgment of the court entered on April 24, 2003, pursuant to a Federal Rule of Criminal Procedure 35(b) motion for a sentence reduction based on substantial assistance, should be vacated and remanded for rehearing.  The Defendant contends that the court's judgment violated his due process rights because: (1) he was not given notice of the hearing, (2) he was not provided counsel for the hearing, and (3) he was not given an opportunity to be heard.

The Defendant relies on the Eleventh Circuit's decision in *United States v. Shaw*, 153 Fed. Appx. 573 (11 th Cir. 2005), as controlling the present issues.  The Defendant misinterprets the *Shaw* decision, however.  Although the *Shaw* court vacated a re-sentencing order and remanded the matter for reconsideration, the court did not rule definitively on the issue of appeal in that case - whether a court is required to afford a defendant the same protections at a Rule 35(b) hearing that is afforded at an initial sentencing.  *Id.*  Instead, because the government conceded that a rehearing was appropriate due to its error in attempted service of the Rule 35(b) motion, the court vacated and remanded the case without discussion of that primary issue.  *Id.*  The court found that the government's concession rendered any discussion unnecessary.  *Id.*

Accordingly, the *Shaw* decision provides no binding precedent regarding the similar issues in this case, and the Defendant's reliance on that decision is baseless.

A further examination of Eleventh Circuit case law results in no cases in which the Circuit directly deals with the issues set forth in the present case. Some Eleventh Circuit decisions do provide an indication, however, of how a lower court might approach these issues. Additionally, case law in other circuits provides persuasive authority.

In *United States v. Taylor*, 414 F.3d 528 (4th Cir. 2005), the Fourth Circuit addresses the lack of counsel issue raised by the Defendant. The *Taylor* decision holds that "neither the Constitution's equal protection guarantees nor due process guarantees provide criminal defendants a right to effective assistance of counsel with respect to a motion by the government pursuant to Rule 35(b)." *Taylor*, 414 F.3d at 536. The court further notes that "because a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori*, he has no right when the government makes a motion which can only benefit him by reducing his already final sentence." The Fifth Circuit also follows this same line of reasoning. *See United States v. Palomo*, 80 F.3d 138, 142 (5th Cir. 1996) ("The fact that a Rule 35(b) sentence reduction affects the inmate's sentence is of itself insufficient to trigger a due process right to counsel in the proceedings-in a Rule 35(b) proceeding the inmate faces no new threat of additional loss of liberty and indeed is given the opportunity to obtain a lighter sentence."). This court believes that the Eleventh Circuit ultimately would follow the line of reasoning set forth by its sister circuits. Therefore, the Defendant's claim that his due process rights were violated by a lack of counsel at the Rule 35(b) hearing is unpersuasive.

Regarding a defendant's lack of notice and opportunity to be heard at a Rule 35(b) hearing, no Eleventh Circuit decision speaks directly on these issues. The court does provide some indication of its potential rationale, however, in *United States v. Alvarez*, 115 F.3d 839 (11th Cir. 1997). Although the court in that case does not deal directly with the specific issues set forth in this case, the *Alvarez* court indicates that due process guarantees do not attach to Rule 35(b) proceedings because the government has absolute discretion in determining whether to file a Rule 35(b) motion and the defendant faces no new threat of loss of liberty. *Id.* at 841. Again, the Fifth Circuit employs a similar line of reasoning in this regard. *See Palomo*, 80 F.3d at 142 (recognizing that a Rule 35(b) hearing does not mandate due process guarantees because the defendant faces no threat of additional loss of liberty).

In addition, a recent Eleventh Circuit decision, *United States v. Blyden*, No. 06-11144, 2006 WL 3690668 (11th Cir. Dec. 14, 2006), furnishes some guidance by analogy. While not serving as binding precedent because it is an unpublished decision, *Blyden* nonetheless provides persuasive authority. In *Blyden*, the court states that "[a] defendant has a constitutional right to be present at his sentencing . . . but that right does not extend to "proceeding[s] involv[ing] the reduction of [the defendant's] sentence under Rule 35. . . ." *Id.* (citing Fed. R. Crim. Pro. 43(b)(4)). The fact that a defendant's presence at the hearing is not required implies that notice and an opportunity to be heard are also inconsequential for purposes of a Rule 35(b) hearing.

Finally, Rule 35(b) motions are within the government's discretion and serve only to reduce the already-determined sentence of a defendant. These motions do not threaten a defendant with any additional period of incarceration, instead acting only as a means to reduce the period of incarceration based on substantial assistance to the government. As both the Supreme Court and the Eleventh Circuit have recognized, "[t]o establish a procedural due

process claim, a plaintiff must first show the deprivation of a liberty or property interest protected by the Due Process Clause." *Cypress Inc. Co.v. Clark*, 144 F.3d 1435, 1436 (11th Cir. 1998) (citing *Bd. of Regents v. Roth*, 408 U.S. 564 (1972)).  It follows logically that, because there is no potential for a further deprivation of liberty as a result of a Rule 35(b) hearing, there are no due process rights affected by these Rule 35(b) hearings.  Accordingly, the court finds that the Defendant's lack of notice and lack of an opportunity to be heard at the Defendant's Rule 35(b) hearing did not violate his constitutional right to procedural due process.

Based on the foregoing discussion, it is hereby ORDERED that:

1.  Defendant Levoil L. Jackson's Motion for Relief from Judgment (Doc. # 677) is DENIED.

2.  Despite the court's findings that no due process rights were violated, the court will consider Defendant's Motion for Relief from Judgment as including an additional Motion for Downward Departure for the alleged additional assistance that was not considered in the government's previous Rule 35(b) Motion.  Therefore, the Government is DIRECTED to respond **on or before April 27, 2007** to the request for an additional downward departure.

Done this 16th day of April, 2007.

/s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE